T.C. Memo. 1998-385


UNITED STATES TAX COURT


THERESA SALOPEK, ET AL.,[1] Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 14160-97, 14161-97,      Filed October 26, 1998.
            14162-97, 14163-97.


David P. Leeper, for petitioners.

David B. Mora, for respondent.


MEMORANDUM OPINION

---

[1] Cases of the following petitioners are consolidated herewith: Mark and Marcie M. Salopek, docket No. 14161-97; Benjamin G. and Mary K. Salopek, docket No. 14162-97; and James A. and Georgia J. Salopek, docket No. 14163-97.

FOLEY, Judge:  This matter is before the Court on petitioners' Motion for Award of Reasonable Litigation Costs pursuant to section 7430 and Rule 231.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioners (i.e., Theresa, Mark, Marcie, Benjamin, Mary, James, and Georgia Salopek) resided in Dona Ana County, New Mexico, at the time their petitions were filed.  Some of the facts have been stipulated and are so found.

Petitioners own and operate Salopek 6U Farms, Inc. (Salopek), a pecan farm and cattle ranch.  Salopek is an S corporation with a fiscal year (FY) ending January 31.  The petitioners are calendar year taxpayers.  Mark, Ben, and James, who are Theresa's sons, filed joint income tax returns for 1993, 1994, and 1995, with their respective wives, Marcie, Mary, and Georgia.  On or about February 1, 1996, respondent began an examination of petitioners' 1993 Federal individual income tax returns and Salopek's FY 1993 S corporation tax return.  Respondent assigned Agent Christopher Parker to the examination.  Petitioners filed powers of attorney authorizing David Leeper, an attorney, to represent Salopek, and Arthur Valdez II, an accountant, to represent the individual petitioners.  In June 1996, respondent broadened the scope of his examination to

include petitioners' 1994 and 1995 tax returns and Salopek's FY 1994 and FY 1995 tax returns.

Salopek's FY 1993 tax return included a $600,000 charitable deduction relating to a contribution of cattle and a $173,338 depreciation deduction. Salopek's FY 1994 and FY 1995 tax returns included depreciation deductions of $211,438 and $239,813, respectively. As shareholders of Salopek, petitioners included their allocable share of Salopek's ordinary income and charitable contribution on their 1993, 1994, and 1995 individual tax returns. In addition, each petitioner deducted a $100,000 charitable contribution of cash in 1995 (i.e., the cash contributions totaled $400,000). During the examination, Agent Parker requested Salopek's depreciation schedules and substantiation for the charitable contributions of cash and cattle. Petitioners did not provide substantiation for the cattle contribution but did provide the depreciation schedules and substantiation for the cash contributions. After reviewing the depreciation schedules, Agent Parker requested, but did not receive, substantiation for the depreciable bases of certain pecan trees.

On April 8, 1997, respondent mailed to petitioners notices of deficiency relating to 1993, 1994, and 1995. Respondent disallowed, for lack of substantiation, each petitioner's: (1) Allocable share of Salopek's depreciation deductions for FY 1993, FY 1994, and FY 1995; (2) allocable share of Salopek's $600,000

cattle contribution for FY 1993; and (3) $100,000 cash contribution claimed on their respective 1995 tax returns.

In petitions filed on July 3, 1997, petitioners challenged respondent's determinations. In answers filed on August 21, 1997, respondent reiterated the contentions set forth in the notices of deficiency. The cases were assigned to Appeals Officer Robert Chirich. On September 19, 1997, Officer Chirich requested that petitioners provide substantiation for the deductions relating to depreciation and contributions of cash and cattle. On October 20, 1997, petitioners provided partial substantiation for the depreciation deductions. On November 18, 1997, Officer Chirich informed petitioners' counsel that Agent Parker would continue his examination.

On December 12, 1997, the Court granted petitioners leave to amend their petitions. In the amendments, petitioners contended that Salopek erroneously capitalized pecan tree pruning costs and, in calculating its charitable contribution, undervalued the cattle. Petitioners further contended that they were entitled to refunds. On January 15, 1998, respondent filed answers to the amendments, denying petitioners' contentions.

In early December 1997, Agent Parker requested substantiation for the deductions relating to the cattle contribution and the depreciable bases of the pecan trees. In January 1998, he requested substantiation for the pruning costs deduction. Between December 1997 and January 1998, petitioners

provided the requested substantiation.  Respondent then conceded the depreciation and pruning costs deductions and settled the cattle contribution issue.  On February 23, 1998, the parties filed a stipulation of settled issues, and on June 1, 1998, petitioners filed a Motion for Award of Reasonable Litigation Costs.

## Discussion

We may award litigation costs to petitioners if they meet the requirements of section 7430.  Respondent concedes that petitioners have substantially prevailed, met the net worth requirements, and exhausted all administrative remedies.  See sec. 7430(a), (b)(1), (c)(4)(A).  Thus, the remaining issues for decision are whether:  (1) Respondent's position was substantially justified; (2) petitioners unreasonably protracted the court proceedings; and (3) the litigation costs claimed by petitioners are reasonable.  See sec. 7430(a), (b)(3), (c)(1), (c)(4)(B).

## I.   Substantial Justification

On August 21, 1997, and January 15, 1998, respondent filed his answers and took the position that petitioners had not substantiated and, thus, were not allowed the deductions for depreciation, pecan tree pruning costs, and contributions of cash and cattle.  Respondent must prove that this position was substantially justified.  Sec. 7430(c)(4)(B).  Respondent's position was substantially justified if it had a reasonable basis

in both law and fact.  Pierce v. Underwood, 487 U.S. 552, 563-565 (1988).  This Court will determine the reasonableness of respondent's position as to each issue independently and apportion the requested award between those issues for which respondent was, and those issues for which respondent was not, substantially justified.  See, e.g., Swanson v. Commissioner, 106 T.C. 76, 87-92 (1996).  Respondent concedes that his position with respect to the cash contributions was not substantially justified.

A.    Depreciation Deductions

Respondent contends that he was substantially justified in disallowing Salopek's depreciation deductions because petitioners failed to provide the necessary substantiation.  During the examination, petitioners provided Agent Parker with Salopek's FY 1993, FY 1994, and FY 1995 depreciation schedules, each of which delineated more than 100 assets.  After reviewing the schedules, Agent Parker requested that petitioners substantiate the depreciable bases of only three assets--certain pecan trees placed in service during 1988, 1991, and 1992.  Petitioners did not provide Agent Parker with the requisite substantiation.  Respondent then disallowed all of Salopek's depreciation deductions.  When respondent ultimately received the substantiation for the pecan trees, however, he conceded the issue.  Respondent's position with respect to the pecan trees was substantially justified.  Respondent's position with respect to

the other assets, however, was not substantially justified because respondent did not request substantiation for these assets.

B.   Pruning Costs

In December 1997, petitioners amended their petitions to contend that Salopek incorrectly capitalized pecan tree pruning costs it should have expensed.  Respondent disagreed because he had no information that substantiated petitioners' contentions. When the appropriate substantiation was submitted, respondent conceded the issue.  Therefore, respondent's position was substantially justified.

C.   Cattle Contribution

Respondent contends that he was substantially justified in disallowing Salopek's FY 1993 cattle contribution deduction because petitioners failed to provide the necessary substantiation.  The Commissioner may deny a taxpayer a deduction for the charitable contribution of property if the taxpayer fails to maintain certain documentation (e.g., the value of the property and the date of the contribution).  See sec. 1.170A-13(b), Income Tax Regs.  During the examination, Agent Parker requested that petitioners substantiate the cattle contribution deduction.  Upon receiving the substantiation, respondent proposed to settle this issue.  Therefore, respondent's position was substantially justified.

## II. Unreasonable Protraction of Proceeding

Petitioners are not eligible for an award of litigation costs for any portion of the proceeding that they unreasonably protracted.  Sec. 7430(b)(3).  Petitioners did not protract the proceeding.  Petitioners did file numerous motions, but none were meritless and two were necessitated by respondent's multiple requests for documentation already in his possession.

## III. Reasonable Litigation Costs

Petitioners request an award of $95,513 in litigation costs. Section 7430 allows petitioners to recover attorney's fees and court costs if such fees and costs are reasonable.  Although petitioners' attorney's billing statements do not delineate the precise number of hours related to each of the various issues, they provide sufficient detail to determine an appropriate award.

Where petitioners' attorney did not allocate his hours and costs to specific issues, we use an "apportionment percentage" to determine the number of hours and costs for which petitioners are entitled to an award.  The apportionment percentage is a fraction:  The numerator is the total adjustments relating to the issues for which respondent was not substantially justified (i.e., cash contributions of $400,000 and depreciation deductions of $468,589), and the denominator is the total adjustments relating to all issues (i.e., $1,624,589).  Accordingly, petitioners are entitled to reimbursement for 53 percent of the

hours and costs that the attorney did not allocate to specific issues.

Petitioners' attorney billed a total of 387.6 hours (i.e., 206.3 hours relating to the cattle contribution, pecan tree basis, and pruning cost issues; 13.7 hours in 1997 relating to the cash contributions; 127.6 hours in 1997 relating to all issues; and 40 hours in 1998 relating to all issues). An award relating to attorney's fees incurred in 1997 and 1998 is limited to the statutory rate of $110 and $120 per hour, respectively. Sec. 7430(c); Rev. Proc. 97-57, 1997-52 I.R.B. 20; Rev. Proc. 96-59, 1996-2 C.B. 392. Accordingly, we award attorney's fees of $11,490 (i.e., 1997: (13.7 + (127.6 x 53 percent)) x $110 = $8,946; 1998: (40 x 53 percent) x $120 = $2,544; total: $8,946 + 2,544 = $11,490).

Petitioners incurred $1,816 of reimbursable litigation costs (i.e., filing fees of $240 and fax, copy, supply, telephone, and travel expenses totaling $1,576). We award petitioners $1,075 (i.e., $240 + ($1,576 x 53 percent)).

To reflect the foregoing,

<u>Appropriate orders and</u>

<u>decisions will be entered</u>.